### BICKERS v. THE STATE.

1. An assignment of error presented in a motion for a new trial, but not referred to in the brief of counsel for the plaintiff in error or argued before this court, is to be treated as having been abandoned.

2. The newly discovered evidence relied on by the accused was merely cumulative, and not of such character as to likely affect the result should another trial be had.

3. The verdict of the jury, having met with the approval of the presiding judge, and being amply supported by evidence, should be allowed to stand.

Argued April 22,—Decided May 10, 1904.

Indictment for burglary. Before Judge Felton. Bibb superior court. February 25, 1904.

*John R. Cooper* and *Wilfred C. Lane*, for plaintiff in error.

*William Brunson, solicitor-general*, contra.

EVANS, J. The accused was charged with having committed the offense of burglary, and was found guilty. The evidence upon which the State relied for a conviction was to the following effect: Nine razors were stolen from the barber-shop mentioned in the indictment, the barber-shop having been burglariously entered through a window after it had been closed for the night. Within a few days afterwards, the owner of the razors found one of them in the possession of a negro barber named J. T. Wood, and another in the possession of J. E. Denton. The accused procured a companion of his to help him dispose of these razors to Wood and Denton, the accused himself receiving the money paid for the same,

though his companion conducted the negotiations in his presence and advised him to sell at the price offered. The accused approached another acquaintance of his, and endeavored to get his aid in disposing of some razors, saying "he had a lot of razors at home," which he would go and get and "sell them or pawn them, and it would be quick money and all to the good if" his acquaintance "wanted to help him get rid of them." This conversation took place only a short time after the burglary was committed.

1. In addition to the general grounds of the motion for a new trial, the plaintiff in error made complaint that during the progress of the trial the presiding judge expressed an opinion as to what had been proved by a witness for the State; but counsel for the accused neither in his argument before this court nor in his brief insisted upon this ground of the motion. Accordingly it is to be treated as having been abandoned. *McKinnon* v. *Hope,* 118 *Ga.* 462.

2. The newly discovered evidence relied on by the accused was merely cumulative, and would not likely affect the result should another trial be had. Where newly discovered evidence is of a cumulative nature, and especially when it does not bear directly on the main point at issue, but only upon collateral matters, it will be insufficient to authorize the granting of a new trial. *Isham* v. *State,* 112 *Ga.* 406; *Clark* v. *State,* 117 *Ga.* 255.

3. The evidence submitted by the State was of such strength as to establish the guilt of the accused beyond a reasonable doubt. The verdict of the jury has met with the approval of the trial judge, and no error of law having been committed, his judgment denying a new trial will be *Affirmed. All the Justices concur.*